NOT DESIGNATED FOR PUBLICATION

No. 117,089

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEANDRE L. HOBBS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed August 4, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before BRUNS, P.J., MCANANY, J., and STEVEN R. EBBERTS, District Judge, assigned.

PER CURIAM: Deandre L. Hobbs appeals the district court's decision revoking his probation and requiring him to serve a modified prison sentence. We granted Hobbs' motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State has filed a response and requested that the district court's judgment be affirmed. Finding no error, we affirm the district court.

On June 5, 2015, Hobbs pled guilty to one count of possession of methamphetamine. The district court granted Hobbs' motion for a dispositional departure and sentenced Hobbs to a 12-month probation term with an underlying 42-month prison sentence.

1

On February 12, 2016, the State moved to revoke Hobbs' probation based on the following violations of his conditions: (1) failure to report a change of address, (2) failure to abide by his curfew, (3) failure to abide by the program rules of electronic monitoring, and (4) failure to abide by all gang conditions as ordered by the court. After Hobbs stipulated to the violations, the district court revoked and extended Hobbs' probation for 12 months. The court also imposed a 3-day quick dip in the county jail and ordered Hobbs to obtain a new drug and alcohol evaluation within 30 days.

On June 20, 2016, the State alleged further violations of probation. Specifically, the State asserted that Hobbs had twice failed to report as directed and failed to obtain the drug and alcohol evaluation previously ordered by the court.

On September 12, 2016, the State again moved to revoke Hobbs' probation based on allegations that Hobbs had failed to report during July and August 2016 and had committed the crime of interference with a law enforcement officer and various drug offenses.

The parties later appeared before the district court, where Hobbs admitted to all the above allegations. Claiming that the violations stemmed from his drug problem, Hobbs requested that the court impose a quick dip in jail and reinstate his probation thereby giving him the chance to complete outpatient drug treatment. Citing Hobbs' new convictions, the district court found that public safety would not be served by reinstating probation and the court further determined that given Hobbs' previous failure to obtain drug treatment, it was not in his best interest to remain on probation. As a result, the court revoked Hobbs' probation and ordered him to serve a modified 39-month prison sentence. Hobbs filed this timely appeal.

Probation from a sentence is an act of grace by the sentencing judge, and, unless otherwise required by law, the sentencing judge grants it as a privilege, not as a matter of

right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the probation conditions, revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014).

Hobbs argues that the district court abused its discretion in revoking his probation and ordering him to serve a prison sentence. To that end, Hobbs contends the court failed to cite any evidence showing that it was in his best interest to go to prison or that he would receive any treatment or other rehabilitative services there.

After carefully reviewing the record, we are convinced the district court did not err when it revoked Hobbs' probation. Hobbs received multiple opportunities to reform his behavior and participate in outpatient drug treatment. His repeated inability to comply with the district court's directives demonstrates that he was not amenable to probation. Regarding the special concern for public safety, Hobbs committed several new offenses while on probation. Under these circumstances, we find no abuse of discretion by the district court in revoking Hobbs' probation and imposing the modified sentence of 39 months' imprisonment.

Affirmed.